STATE OF FLORIDA ex rel. EDWARD M. NORMAN, v. CARL HOLMER, JR., as Supervisor of Registration for Dade County, Florida.

35 So. (2nd) 396                                    January Term, 1948
May 7, 1948                                                    Division A
Rehearing denied May 31, 1948

*Abe Arnovitz, Philip Medvin, Leo Sheiner, Harold Tannen* and *Herman Wepman,* for appellant.

*George C. Simpson,* for appellee.

CHAPMAN, J.:

The relator-appellant, Edward M. Norman, filed a petition in the Circuit Court of Dade County, Florida, and alleged that he was a resident and citizen of Dade County, over the age of 21 and on January 15, 1948, registered as an elector and as a member of the Democratic Party with Carl Holmer, Jr., Supervisor of Registration of Dade County, Florida. That it was the relator's desire to change his party affiliation from a member of the Democratic Party to a member of the Peoples Progressive Party, and under the provisions of Section 14 of Chapter 22,971, Laws of Florida, Acts of 1945, filed with the Supervisor of Registration of Dade County a written request for a change in party affiliation.

The written request is viz:

"Supervisor of Registration
Dade County
Miami, Florida

"Miami, Florida
February 28, 1948

"Dear Sir:

"The bearer of this paper is hereby constituted my agent and as such is authorized to file this with you. Such bearer is

also authorized to receive from you the certificate contemplated by Section 14 of the Dade County Registration Act.

"I desire to change my political party affiliation from the Democratic Party to the Peoples Progressive Party and hereby request that you record such change upon my official registration cards.          Sincerely,

EDWARD M. NORMAN."

"STATE OF FLORIDA
COUNTY OF DADE

"2-28-48

"On this day personally appeared before me, the undersigned authority, EDWARD M. NORMAN, known to me to be said person, who upon being first duly sworn deposes and says that he has heretofore registered in Dade County as a member of the Democratic Party, that he has not changed his residence since such registration, and he acknowledges that he executed the foregoing request for the purpose therein expressed.

(NOTARIAL SEAL)

MARTIN L. RABINOWITZ
Notary Public, State of Florida
at Large.
My Comm. exp. Feb. 17, 1951."

It is alleged further that the petitioner had fully complied with every term, condition and provision of Chapter 22,971 supra entitling him to change his party affiliation and receive from the Supervisor of Registration a card or certificate showing that he was a member of the Peoples Progressive Party and eligible to cast a vote as a member of said party in the election to be held in Dade County, Florida. Section 14 of Chapter 22,971 supra provides:

"Section 14. CHANGES OF PARTY AFFILIATION— That any person who, having registered hereunder, shall desire to change his affiliation with a political party, may have such change recorded upon his official registration cards by filing his written request therefor with the Supervisor of Registration at least thirty (30) days before the date of the next State or County primary election. Upon receipt of such

written request, the Supervisor of Registration shall note the change of party affiliation upon all pertinent registration records and shall furnish to the person filing such request a certificate to such effect. All such written requests shall be retained on file in the office of the Supervisor of Registration."

The petition alleged further that under Section 14 supra it became the official duty of the Supervisor of Registration of Dade County, upon receipt of the written request to note upon the records in said office the change in party affiliation as required by the act and to issue and deliver a certificate to such effect. It is the Supervisor's interpretation of said Act that when such a change of party affiliation is desired, as here requested, the elector must file such request in person. The terms of the Act do not permit or allow a change in party affiliation as here attempted as the same cannot legally be consummated through an agent or through the mails.

The petition prayed for an alternative writ of mandamus commanding the Supervisor of Registration to receive and accept such written request for the change in party affiliation to the Peoples Progressive Party, notwithstanding the fact that the request was not filed in person, and to note upon all pertinent registration records such changes as by law required. An alternative writ was issued and served upon the Supervisor.

The respondent Supervisor answered the alternative writ and set out that he could not allow the change in party affiliation because of the following pertinent portion of Section 6 of the Act:

" . . . At the time of the registration of each person qualified to register under the provisions hereof, an original and duplicate copy of the official registration card shall be filled out by appropriate entries made thereon in his presence, and he shall thereupon take and subscribe to the oath printed upon such card and, for the purpose of recording his party affiliation, shall inscribe thereon immediately following his signature the first letter of the name of the political party to which he belongs. . . . "

Likewise the pertinent portions of Section 5 of the Act are viz:

"Section 5. POWERS AND DUTIES OF SUPERVISOR OF REGISTRATION. That the Supervisor of Registration is hereby empowered and directed to perform all the duties and functions and to exercise all the powers of Supervisor of Registration as recited herein, including the adoption and employment of methods of registration procedure not inconsistent with any of the provisions of this Act, and the establishment, promulgation and enforcement of such rules and regulations relating to registrations and elections and to the maintenance, filing and preservation of registration and election records as may be necessary or appropriate in the effectuation of the provisions and purposes of this Act . . . "

The case was heard in the court below on a motion for a peremptory writ of mandamus, the return notwithstanding, when an order was entered denying the motion for a peremptory writ and the cause by an appropriate order was dismissed. The plaintiff appealed and poses here for adjudication several questions. On several occasions this Court has held that in construing an Act its history will be considered, the evil, if any, sought to be corrected, the intention of the law making body, the subject regulated, and the object to be attained. Scarborough v. Newsome, 150 Fla. 220, 7 So. (2nd) 321. Mandamus is a legal remedy which is not awarded as a matter of right, but in the exercise of sound judicial discretion, and then only when based upon equitable principles. It is not granted except on a showing of a clear legal right thereto in the relator. State ex rel. Dixie Inn, Inc. v. City of Miami, 156 Fla. 784, 24 So. (2nd) 705.

The Supervisor of Registration, under Section 5 of Chapter 22,971 supra is empowered and directed to perform all the duties and function recited in and set forth by the terms of the entire Act. In effectuating the intent of the Legislature broad powers were granted, including "the establishment of such rules and regulations relating to registrations and elections" as the conditions and circumstances may reasonably require. He is charged under said Section with the duty of preserving and maintaining an accurate, honest and dependable registration and election record.

Section 6 of the Act, in part, provides that the Supervisor

at the time of the registration of all persons qualified to register under the Act to make an original and duplicate copy of the official registration card and the card shall be filled out by appropriate entries made thereon in the presence of the Supervisor of Registration and the elector shall take and subscribe to the oath printed on the card, for the purpose of recording the elector's party affiliation and shall *inscribe on the card* immediately following his signature the first letter of the name of the political party to which he belongs.

Section 13 of the Act provides the method of transfer of the voter's legal residence from the voting precinct in which he is registered to another voting precinct of Dade County and before any transfer can be lawfully obtained the elector is required to appear *in person* at the office of the Supervisor of Registration in order to effectuate such transfer of registration. Section 18 imposes a penalty on the Supervisor or any Deputy Supervisor or others when convicted for the violation of the Act.

It is strenuously contended that Section 14 authorizes a change in party affiliation as attempted by the relator. This contention (1) clearly ignores the rule making power of the Supervisor; (2) the duty to maintain and preserve accurate registration records; (3) the over-all intention of the Legislature in requiring the personal presence of the elector at the office of the Supervisor of Registration when important changes of the record are desired; (4) the reasonableness or unreasonableness of the rule can not be raised in a mandamus proceeding.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.