HORTON, Judge.
This appeal seeks a review of a final decree, declaring unconstitutional and void an emergency ordinance of the City of Miami, which authorized the appellant, Harlem, Jr., Inc., to transfer its retail liquor license to a location less than 300 feet from the appellee’s church and enjoining said appellant from engaging in said business at the new location.
The record discloses that the appellant, Harlem, Jr., Inc., made application to the City of Miami Planning and Zoning Board for a variance from ordinance No. 1682 as-amended by ordinance No. 2896 (general zoning ordinance) and ordinance No. 5032' (prohibiting relocation of liquor licenses in the same area) to permit relocation of the liquor license of the appellant from *439 location in a liberal business zone to another location in the same zone. This application Board. An appeal from this decision was taken to the Commission of the City of Miami, where, upon hearing the decision of the Planning and Zoning Board was reversed and ordinance No. 5877 was adopted, amending ordinance No. 1682 as amended and ordinance No. 5052, and granting the variance.
Thereafter, the appellee brought suit contending that the variance granted the appellant, Harlem, Jr., Inc., was in violation of ordinance No. 2998, enacted in 1945 which prohibited the location of establishments for the sale of intoxicants within 300 feet of churches and schools, and sought a declaration that such variance was in violation of such ordinance and to permanently enjoin the operation of the appellant, Harlem, Jr., Inc., at the new location.
Both the appellants, Harlem, Jr., Inc., and the City of Miami have appealed; the appellant, Harlem, Jr., Inc., only, has filed a brief. Four questions are sought to be raised by the appellant, Harlem, Jr., Inc., in its brief. The court has concluded from a consideration of the entire record that the substantial questions involved in the appeal are: whether or not the variance granted is from the prohibitory provisions of ordinance No. 2998 and whether the lower court was in error in finding and adjudicating that the appellant’s establishment was within 300 feet of the appellee’s church.
The first question, we think, can be answered by a reference to the record. It discloses that no variance was sought from the prohibitory provisions of ordinance No. 2998, whereas the only variances sought and granted by the Commission of the City of Miami were from the general zoning ordinance (No. 1682 as amended) and provisions of ordinance No. 5052. The appellant contends that that portion of the ordinance granting the variance wherein it sought to repeal laws or parts of law in conflict therewith would be sufficient to impliedly amend and vary the prohibitory terms of ordinance No. 2998. This argument we feel is untenable in view of the provisions of the ordinance granting the variance as well as the fact that the provision of ordinance No. 2998 is in terms and purpose a police regulation designed to apply throughout the territorial confines of the municipality and not to any particular area zoned under the general zoning ordinances. See State ex rel. First Presbyterian Church of Miami v. Fuller, 133 Fla. 554, 182 So. 888; State ex rel. Yung Sing v. Permenter, Fla.1952, 59 So.2d 773.
As to the second question, an issue was made under the pleadings in the lower court as to whether or not the new establishment of the appellant, Harlem, Jr., Inc., was within 300 feet of the appellee’s church. It became the duty of the trier of the facts to resolve the issue. Admittedly there was conflicting testimony as to whether or not the new establishment was within or beyond the 300 feet prescribed in ordinance No. 2998, but the lower court chose to conclude this fact by an adjudication adverse to the appellant, Harlem, Jr., Inc. It is as much the duty of the trier of the facts to resolve doubts and conflicts in testimony and evidence as it is to apply the correct principles of law. It has not been shown nor is it apparent from the record that the chancellor’s finding of fact is clearly erroneous or against the manifest weight of the evidence, absent which we must conclude that the decree is without error and should be affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEAR. SON, J., concur.