114 So.2d 797 (1959)
STATE of Florida ex rel. Alfred EICHENBAUM, Petitioner,
v.
H.G. COCHRAN, Jr., Director of the State Beverage Department of the State of Florida, Respondent.
Supreme Court of Florida.
August 5, 1959.
Rehearing Denied October 7, 1959.
*798 Sibley, Grusmark, Barkdull & King, Miami Beach, for petitioner.
Richard W. Ervin, Atty. Gen., George E. Owen, Asst. Atty. Gen., and Sam Pasco, Tallahassee, for respondent.
Leo L. Foster, Tallahassee, as amicus curiae.
THORNAL, Justice.
By an original proceeding here relator Eichenbaum seeks a peremptory writ of mandamus directing the respondent Cochran to cancel an alcoholic beverage license.
In order to dispose of the matter we must consider the validity of a Dade County ordinance governing the location of a certain class of alcoholic beverage licensees.
Our original jurisdiction is invoked under Article V, Section 4, Florida Constitution, F.S.A., which authorizes us to issue writs of mandamus "when a state officer, * * * is named as respondent."
Relator Eichenbaum by the petition alleges himself to be a citizen, taxpayer, and resident of Dade County. It is alleged that the respondent Cochran, as Director of the State Beverage Department, has issued an alcoholic beverage "package store license" to a Walgreen Store located in a "shopping center" situated in an unincorporated area of Dade County.
The location of the licensee is alleged to be within 2,500 feet of three churches and at least one public school. Relator is the father of three children, all of whom either now attend, or in the future will attend, said public school. For reasons hereafter stated relator alleges that the licensee Walgreen is located within a prohibited zone because of its alleged proximity to the churches and school. He claims that the respondent illegally issued the license. The relator requests us to direct its cancellation.
We issued the alternative writ and the matter is now before us on the pleadings and briefs of the parties pending consideration of relator's motion for a peremptory writ, notwithstanding the return.
It is the contention of the relator that under Sections 561.44(2) and 561.441(1), Florida Statutes, F.S.A., as well as Dade County Ordinance No. 57-19, an establishment for the sale of alcoholic beverages for consumption on or off the premises is prohibited within a distance of 2,500 feet from a church or public school in unincorporated areas.
The respondent defends the issuance of the license by referring us to Dade County Ordinance 58-6, which makes an exception with reference to liquor establishments located *799 in so-called "shopping centers". In such cases a liquor licensee is permitted to be located not less than 500 feet from a church or school, so respondent asserts.
As announced at the outset, the issue as framed by the pleadings imposes upon us the responsibility of deciding the validity of the Dade County Ordinance which makes an exception for licensees located in so-called "shopping centers". We must determine whether the classification created by the ordinance was clothed with distinguishing aspects sufficient to support it against an assault that it discriminates in favor of a particular class of licensees and against all others.
Section 561.44(2), Florida Statutes, F.S.A., is a section of the alcoholic beverage law which generally authorizes boards of county commissioners to establish zones where the sale of such beverages may be permitted in unincorporated areas.
Section 561.441, Florida Statutes, F.S.A., is a section of the alcoholic beverage law particularly applicable to the authority of county commissioners of counties which have established zoning and planning boards. Dade County is within this group. See Mayer v. Dade County, Fla., 82 So.2d 513. In addition the Board of County Commissioners of Dade County exercises similar powers pursuant to the Home Rule Charter of that county adopted to implement the provisions of Article VIII, Section 11, Florida Constitution.
Section 561.441(1), Florida Statutes, provides:
"From and after May 30, 1949, the county commissioners of those counties in the state where the sale of intoxicating liquors is permitted and where said commissioners are authorized to establish or have established zoning and planning boards, be and they are, hereby authorized to determine the distance from churches and schools within which intoxicating liquors may be sold in those areas within said counties outside the limits of incorporated cities and towns that are now, or which may hereafter be, designated or zoned for business purposes."
In October 1957, the County Commissioners adopted Ordinance No. 57-19 which in effect prohibits the sale of alcoholic beverages for consumption on or off the premises at any location in the unincorporated areas which is situated less than 2,500 feet from a church or public school. It is this ordinance which the relator asserts has been violated by the issuance of the license to Walgreen.
The respondent, however, replies that Ordinance No. 57-19 was in February 1958 amended by Ordinance No. 58-6. The effect of the latter was to make an exception as to distance requirements governing liquor license locations in certain shopping centers. The language of the 1958 ordinance authorized:
"Package stores in shopping centers in a BU-2 (special business) or more liberal zone containing a net ground building area of not less than eight acres including dedicated R/W's under one ownership of title with an improved building area of not less than 65,000 square feet of floor area thereon, and with an improved and developed parking area of not less than 350 vehicles. Only one such package store will be permitted in the shopping center; and said package store shall be at least 500 feet from any church or school measured as otherwise provided in these regulations."
There is no dispute in the record that when the license was issued the "shopping center" of which the licensee Walgreen is a part, met the stipulations of Ordinance 58-6; nor is there any contention that the Walgreen store is less than 500 feet from a school or church.
By his petition the relator did not assault the provisions of Ordinance 58-6. Nevertheless, by a brief in reply to the return of *800 the respondent the relator contends that Ordinance 58-6 is invalid because in his view this later ordinance creates an unreasonable classification in favor of the particular licensee.
We should not lose sight of the basic proposition that mandamus is by nature a discretionary writ which issues only upon the showing of a clear legal right in the relator to the performance of an indisputable legal duty by the respondent. Board of Public Instruction of La Fayette County v. State ex rel. Taylor, 156 Fla. 708, 24 So.2d 99; State ex rel. Norman v. Holmer, 160 Fla. 434, 35 So.2d 396; Somlyo v. Schott, Fla., 45 So.2d 502.
We should also retain in our thinking the proposition that the regulation and control of the alcoholic beverage business is peculiarly a legislative function. In this connection, as in all similar situations, when the legislative branch of the government exercises a legislative power in the form of a duly enacted statute or ordinance it is not the function of a court to explore the wisdom or advisability of the enactment in order to bring its enforceability into question. To this end the limit of the court's authority is to measure the validity of the legislative enactment by the requirements of the controlling law. If those standards are met the legislation should be upheld. Somlyo v. Schott, supra.
In the instant case the County Commissioners of Dade County have undertaken to classify "shopping centers" over a certain size for particular regulation in regard to the sale of alcoholic beverages. We cannot conclude from the face of the ordinance that it establishes an unreasonable classification or that without justification in reason it discriminates in favor of the class of which the particular licensee here involved is a member. For example, the Legislature itself has created various classifications regarding liquor licenses involving hotels, motels, restaurants, golf clubs and the like. Section 561.20, Florida Statutes, F.S.A. Much could probably be written regarding the nature of the so-called modern shopping center which distinguishes it as a peculiar sort of merchandise mart that would support a particular regulation of the nature here involved. We know that one of the prime attractive features of this type of business enterprise is that it is planned to provide a large parking area to accommodate hundreds of vehicles. Shoppers are induced to patronize stores in the area by the assurance of practically every type of retail merchandising establishment that can be reached from the initial stop in the general parking area. The "shopping centers" covered by Ordinance 58-6 would appear to be retail business communities which in and of themselves justify special regulatory measures. Whether one as an individual might consider it a good idea to make it possible to have a package liquor store in practically every large "shopping center" in the affected county is entirely beside the point. The question involves merely the constitutionality of the decision reached by the County Commissioners of Dade County as evidenced by the duly enacted ordinance. Certainly in view of the general nature and characteristics of the locale typified by these large "shopping centers" as well as the general nature of the business enterprise itself, we cannot, on the showing made, be impelled to the conclusion that the County Commissioners have drawn a classification or regulation without foundation in reason and other characteristics that would distinguish the class from others which are regulated differently. This in the ultimate is the test. Relief, if any, must come from the law-making body, not the courts.
We are not here confronted by a special zoning variance privilege granted to a particular owner because of an alleged hardship. Harlem, Jr., Inc. v. Mount Sinai Baptist Church, Fla.App., 100 So.2d 437.
Finding as we do, on the basis of the record presented, that Ordinance 58-6 adopted by the Board of County Commissioners of Dade County was within their power to adopt and that it allowed the issuance of the *801 license under attack, it naturally follows that the motion for a peremptory writ must be denied. We have pretermitted any discussion of the propriety of mandamus as the procedure to be employed in an instance of this nature, as well as any question of the right of the relator to bring the proceeding. State ex rel. First Presbyterian Church of Miami v. Fuller, 133 Fla. 554, 182 So. 888; Dade County v. Rauzin, Fla., 81 So.2d 508. Our disposition of the main question has made it unnecessary for us to explore these incidental propositions. See State ex rel. Village of North Palm Beach v. Cochran, Fla., 112 So.2d 1.
The motion for the peremptory writ notwithstanding the return is denied and the petition for the alternative writ is dismissed.
It is so ordered.
THOMAS, C.J., and TERRELL, ROBERTS and DREW, JJ., concur.