231 So.2d 41 (1970)
METROPOLITAN DADE COUNTY BOARD OF COUNTY COMMISSIONERS, Etc., et al., Appellants,
v.
ROCKMATT CORPORATION, a Florida Corporation, Appellee.
No. 69-375.
District Court of Appeal of Florida, Third District.
February 3, 1970.
*42 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Goodman & Holtzman, Thomas A. Testa, Richard Kanner, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
CHARLES CARROLL, Judge.
The appellee Rockmatt Corp. sought a license from Dade County to operate a night club at a designated location in the county outside the limits of a municipality. In order for its premises to meet the requirements for a night club Rockmatt needed to obtain a special exception to allow a prohibited enlargement of an existing building in which it operated a liquor bar as a nonconforming use, and also a special permit, in the nature of a variance, to operate a night club in an area in which the zoning applicable thereto did not authorize night clubs.[1]
The Dade County Zoning Appeals Board, after a noticed hearing, denied the application for the exceptions, and Rockmatt appealed to the County Commission. The latter, after further hearing, upheld the ruling of the Zoning Appeals Board and denied the application, by resolution Z-34-68, dated February 29, 1968.[2]
*43 Rockmatt instituted a proceeding in the circuit court on March 22, 1968, seeking reversal of the County Commission's resolution. Twice motions of the defendants to dismiss were granted with leave to amend. The second amended complaint in the circuit court did not challenge the discretionary rulings of the zoning board and the commission which had rejected Rockmatt's applications for special exceptions, but presented the contention that its application for the night club license had been denied by the County Commissioners on the ground that its business establishment was within 2,500 feet of a church by straight line measurement as provided for in the county's regulatory ordinance and that such restriction was invalid in that it was in conflict with the state statute (§ 561.44(2) Fla. Stat., F.S.A.), which, in providing that such licenses should not be granted where the business establishment was within 2,500 feet of a church or school, specified that the distance should be measured by the route of ordinary pedestrian travel along public thoroughfares from the entrance of the place of business to the main entrance to the church or in the case of a school the nearest point of the school grounds.[3]
The defendants filed an answer incorporating a motion to dismiss. They denied the allegation that the Commission had rejected Rockmatt's application on the ground that its establishment was within 2,500 feet of a church when measured in a manner provided for in the county's ordinance, and averred that the action of the Commission was denial of the special permits which the plaintiff had requested. See footnote 2. The defendants averred their regulation of such businesses was under subsection 12 of section 1.02(A) of the Dade County Home Rule Charter, conferring authority to "Establish, co-ordinate, and enforce zoning and such regulations as are necessary for the protection of the public," and subsection 16 of that section of the charter, empowering Dade County to "Establish and enforce regulations for the sale of alcoholic beverages in the unincorporated areas."
The answer then called attention to the county's ordinance (§ 33-150(B) of the Dade County Code), which prohibits such establishments within 2,500 feet of a church or public school, and provides for measurement of the distance "by following a straight line from the front door of the proposed place of business to the nearest point of the church structure," and in the case of a school to the nearest point of the school grounds.
On March 6, 1969, after final hearing, the trial court entered the judgment from which the defendants took this appeal. Therein it was ordered and adjudged as follows:
"1. That Article X, Section 33-150 (B) (1) and (2) of the Code of Metropolitan Dade County, Florida, be and the same is hereby declared invalid, as the same is in direct contravention of Section 561.44(2), Florida Statutes, F.S.A., in so far as the statute provides for distance between churches, schools, and liquor establishments to be measured by ordinary pedestrian travel, whereas the Metropolitan Code provides for the measurement by following a straight line.
"2. That this Order is not to be construed as an order commanding the Dade County Board of County Commissioners to grant an unusual use for a night club since the denial of such use was not in issue."
As shown by the judgment, the trial court noted that its ruling invalidating the ordinance, because it enlarges slightly on the minimum distance which the state law requires must exist between such an establishment *44 and a church or school, was not to be construed to entitle the plaintiff Rockmatt to a night club license at its said location, in view of the denial by the County Commission of Rockmatt's request for the needed special permits, and the judgment did not reverse or disturb the ruling of the Commission relating to the special permits.[4]
The appellants argue that the denial by the Board of County Commissioners of the application for special permits was proper, not only on the merits of the application, but because the matter was res judicata. It was stipulated at the hearing in the trial court that the plaintiff had made a similar application to the county for a special exception a year earlier and that the prior application had been denied.[5]
The appellants' argument relating to res judicata has merit. The doctrine is applicable to rulings or decisions of administrative bodies (Rubin v. Sanford, Fla. App. 1964, 168 So.2d 774), and to rulings of such bodies dealing with zoning regulations unless it can be shown that since the earlier ruling thereon there has been a substantial change of circumstances relating to the subject matter with which the ruling was concerned, sufficient to prompt a different or contrary determination, and no such showing was made or attempted in this instance. See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473; Marks v. Zoning Board of Review of the City of Providence, 98 R.I. 405, 203 A.2d 761; Gilman v. Zoning Board of the Town of West Warwick, R.I. 1968, 240 A.2d 159.
Therefore, in this proceeding which was an attempt to review the ruling of the county commissioners in denial of the requests for special exception and special permit for operation of a night club at the location in question, judgment should have been entered for the defendant county officials because the matter was res judicata (with no showing of changed conditions to render application of the doctrine ineffective in this instance), and because no showing was made upon which to base a contention that the County Commission's ruling, denying Rockmatt's requests for a special exception and a special permit, was incorrect, arbitrary or an abuse of discretion.
The matter of the validity of the county's ordinance with relation to distance requirement it provided for between such establishments and churches or schools, was not properly placed in controversy, since the trial court in its judgment recognized that even if the distance provision as contained in the county's ordinance was invalid, that circumstance would not entitle Rockmatt to a night club license for such location because of the need for special exceptions and permits which had been denied to it. A rule generally applied is that a challenge of the validity of a legislative enactment will not be entertained in a cause in which it is not necessary or material to a determination *45 of the case. However, inasmuch as the trial court considered the plaintiff's challenge of the validity of the county ordinance in question, and declared it invalid in part, and as the matter has been presented here on briefs and in argument, we review that ruling on this appeal.
The provision of the beverage law which authorizes the Board of County Commissioners of any county, by resolution, to "establish zones or areas," in the territory lying without the limits of incorporated cities or towns, wherein the location of a (liquor) vendor's place of business licensed under the Act may be permitted to be operated, is applicable and available for use by the counties of the state including Dade County, but in addition thereto the Board of County Commissioners of Dade County is entitled to exercise similar powers pursuant to its Home Rule Charter adopted to implement the provisions of Art. VIII, Section 11, Fla. Const., F.S.A. Cf. State ex rel. Eichenbaum v. Cochran, Fla. 1959, 114 So.2d 797, 799.
The question dealt with by the trial court was whether the Metropolitan Dade County Ordinance, enacted under its Home Rule powers, is in conflict with the state law so as to render it invalid because the straight line measurement provided for in the county's ordinance in most instances operates to enlarge or lengthen the distance between such establishments and churches and schools within which such licenses are prohibited, over the distance limitation fixed by the state statute, when measured as the latter provides.
The Home Rule Constitutional Amendment, in subsection (5) of section 11 of Article VIII of the Florida Constitution, provides that no ordinance enacted in pursuance to the Dade County Home Rule Charter shall conflict with the Constitution or applicable General Laws affecting Dade County and one or more other counties, except as may be expressly authorized therein.
The constitutional provision just referred to does not require that an ordinance enacted under the Dade County Home Rule Charter which deals with a subject also covered by "general laws affecting Dade County and one or more other counties" must track the language of the latter, or that it may not contain other or different provisions than those embodied in the state statute. The prohibition is against being in conflict with the state law.
In our opinion the trial court was in error in holding that the method specified by the county's regulatory ordinance, which operates to increase slightly the distance from churches or schools which the state requires must exist, constituted a conflict with the state law so as to render the ordinance invalid. This is so because the provision in the regulatory statute prohibiting the issuance of such a license within a distance of 2,500 feet from a church or a school (measured by the pedestrianthroughfare route) represents a pronouncement of legislative policy against authorizing such liquor dispensing establishments to be nearer to churches or schools than the distance fixed in the statute.
That provision of the statute, as appellant contends, is a minimum distance-apart standard which the Dade County Home Rule Ordinance could not, and does not violate. Therefore, having authority to regulate or determine the areas of the county (outside of incorporated cities and towns) in which liquor dispensing establishments can be licensed, the county can fix the distance or area between such establishments and churches and schools which it will require to exist as a condition of licensing them, and so long as the county's ordinance does not permit them to be closer to churches or schools than the minimum distance fixed by the statute, the ordinance will not be in conflict with the state statute, but will be consistent with the purpose and object of the statute in that regard, and with the policy which the latter serves. In this instance the county ordinance provides for a greater, *46 rather than a lesser distance than is called for by the statute. Even so, the county's ordinance does not appear unreasonable in that respect inasmuch as the longer distance restriction which the ordinance specifies is no greater than the basic distance limitation of 2,500 feet which is named in the statute.
Stated differently, the statute provides a distance limitation with reference to churches and schools within which such licenses may not be issued. The county's ordinance does not violate that statutory distance limitation, but by providing a method of measurement which may have the effect of increasing the distance between such establishments and churches or schools, the county's ordinance is in compliance with the minimum distance requirement as provided by state law, and affords even greater protection to the public intended to be served by the distance-apart provision of the state law.
Having authority to determine the areas of the county (outside of the limits of incorporated cities or towns), in which such establishments may be licensed for operation, it follows that Dade County could exclude them from certain areas, and in the areas where permitted may determine, within reason, an appropriate distance to be observed between such establishments and churches and schools, provided the county's ordinance does not conflict with the state statute by authorizing the licensing of such establishments closer to churches and schools than the distance which the state statute provides they must be apart.
For the reasons stated, the judgment declaring invalid the county's ordinance which was challenged in this case is reversed, and the cause is remanded to the circuit court with direction to dismiss the complaint.
Reversed and remanded.
NOTES
[1] The special exceptions were applied for as follows: "Special exceptions to permit extension and expansion of a nonconforming alcoholic beverage use, to-wit: to permit extension of a liquor/beer/wine bar to a night club and to permit expansion of the existing building for enlargement of space for such use, and

"Unusual use to permit the aforementioned night club in a BU-2 zone as would be permitted in a BU-3 zone; * * *"
[2] The ruling of the Zoning Board which was upheld by the Commission was placed on the ground that the requested special exception and unusual use permit would not be compatible with the area and its development and would not conform to the requirements and intent of the Zoning Procedure Ordinance. The Commission's resolution upholding the ruling of the Zoning Board made no reference to the location being less than the required distance from a church.
[3] At final hearing it was stipulated that the plaintiff's establishment was less than 2,500 feet from a church on the basis of direct measurement as provided for in the county's ordinance, but was more than 2,500 feet therefrom when measured by the method provided for in the state statute.
[4] The amended complaint by which the plaintiff sought review in the circuit court of the County Commission's denial of its application for special permits made no showing upon which to base a contention that in such ruling the County Commissioners had abused discretion, but the plaintiff's attack consisted of contending that the 2,500 foot distance requirement as measured by the state statute, which it could meet, should be held to prevail over the alleged conflicting greater distance limitation of the county ordinance based on its different method for measurement thereof.
[5] Although the stipulation was that the prior application was made by the plaintiff (Rockmatt), it was brought out in the briefs and in argument that it was made by plaintiff's predecessor in interest. However, a successor in interest to a party bound by the doctrine of res judicata is equally bound thereby as being in privity with the latter. See 19 Fla. Jur., Judgments and Decrees, § 154, citing numerous cases thereon in note 14.