MAGER, Judge
(dissenting):
On October 27, 1970, the trial court entered a final decree dismissing plaintiff-husband’s complaint for divorce from which judgment the instant appeal ensued. The sole ground assigned for divorce was extreme cruelty which the trial court found had not been corroborated.
I would concur with the conclusion reached by the majority were it not for the enactment of House Bill 17-C commonly referred to as the no fault divorce bill. This bill, which was enacted during the pendency of this appeal, was signed into law on June 22, 1971, and became effective on July 1, 1971. It is my opinion that House Bill 17-C is applicable to the instant proceedings and this cause should be reversed and remanded to the trial court for further consideration in light of this new enactment. I firmly believe that the application of House Bill 17-C to the instant appeal would serve to effectuate the overall legislative intent reflected in the enactment.
In ascertaining whether House Bill 17-C is applicable to pending appeals it is appropriate for the courts to consider the history of the enactment, the evil to be corrected, the language of the act, the subject to be regulated and the objects to be obtained. Richardson v. City of Miami, 1940, 144 Fla. 294, 198 So. 51; *700 State ex rel. Norman v. Holmer, 1948, 160 Fla. 434, 35 So.2d 396; Singleton v. Larson, Fla.1950, 46 So.2d 186; City of Fort Lauderdale v. Taxi, Inc., Fla.App. 1971, 247 So.2d 467. Proper statutory interpretation, being more than “mere linguistic seriation”, requires that the courts look to the logic of the legislation and the policy which prompted such legislation in determining the real intent and meaning. Argosy Limited v. Hennigan, 5 Cir.1968, 404 F.2d 14; Dade County v. Eastern Air Lines, Inc., Fla.App. 1968, 207 So.2d 13, opinion adopted, Fla., 212 So.2d 7; Ervin v. Peninsular Telephone Co., Fla.1951, 53 So.2d 647. A statute should not be construed so as to lead to an evil, unjust, oppressive or absurd consequences or to self-contradiction; the law favors a rational and sensible construction and the avoidance of an illogical or ineffectual conclusion when another construction is possible. Curry v. Lehman, 1908, 55 Fla. 847, 47 So. 18; George v. State, Fla.App. 1967, 203 So.2d 173; Pinellas County v. Woolley, Fla.App.1966, 189 So.2d 217; Silver Sands of Pensacola Beach, Inc. v. Pensacola Loan and Savings Bank, Fla.App. 1965, 174 So.2d 61; Gracie v. Deming, Fla.App.1968, 213 So.2d 294; City of Fort Lauderdale v. Taxi, Inc., supra. Any ambiguity in a statute must be resolved in the light of the foregoing principles so as to give that construction which comports with the full legislative intentions. Foley v. State ex rel. Gordon, Fla.1951, 50 So.2d 179.
House Bill 17-C establishes a new state policy concerning dissolution of marriages. It changes the word divorce to “dissolution of marriage” and sets forth the circumstances under which a marriage can be dissolved. The act states that it “shall be liberally construed and applied to promote its purposes” which are:
“(a) To preserve the integrity of marriage and to safeguard meaningful family relationships;
“(b) To promote the amicable settlement of disputes that have arisen between parties to a marriage;
“(c) To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage.” (Section 1).
The new act provides only two bases for the granting of a dissolution of marriage: (1) where the court finds that the marriage is irretrievably broken, and (2) mental incompetence of one of the parties. (Section 7, adding new Section 61.052). The traditional fault-oriented grounds for divorce formerly contained in Section 61.-041 have been abolished.
Section 21 of the act sets forth the areas of intended application. According to subsection (1) of Section 21, the act applies to all proceedings commenced on or after the act’s effective date and to pending actions for divorce-, under subsection (2) the act applies to all proceedings commenced after July 1, 1971, for the modification of a judgment or order entered prior to the act’s effective date.
There is an apparent ambiguity between the provisions of the aforementioned subsections and subsection (3) of Section 21, relating to a pending appeal or new trial, which provides as follows:
“(3) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this act, the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal.”
An isolated reading of subsection (3) would render House Bill 17-C inapplicable to an appeal pending prior to the effective date of this new enactment; yet the areas of intended application as set forth in subsections (1) and (2), particularly the declaration that the act is applicable to “pending actions for divorce” reflects an intent *701 that House Bill 17-C would be applicable to a pending appeal as well. An action is deemed to be pending even after final judgment -has been rendered if the time for appeal has not expired or if an appeal has been taken the action remains pending until a final determination of the appeal. Southern Title Research Company v. King, Fla.App.1966, 186 So.2d 539. Rilcoff v. Superior Court of Los Angeles County, 1942, 50 Cal.App.2d 503, 123 P.2d 540. An appeal is not the commencement of a new action but a continuation of the original action. Southern Title Research Company v. King, supra. A divorce action has been considered to be pending or in litigation for the purposes of awarding alimony pendente lite during the pendency of an appeal. Duss v. Duss, 1926, 92 Fla. 1081, 111 So. 382.
The unsoundness and impracticality of restricting the application of House Bill 17-C to “pending actions” excluding therefrom “pending appeals”, is made apparent when we consider the fact that whatever the outcome of the appeal is governed by the old law, the provisions of Section 21 (2) would seemingly require the application of the new law if a party commenced an action seeking to modify the very order or judgment which was the subject matter of the appeal. In other words, somewhere down this litigious road the application of the new law would ultimately ensue. Therefore, why give Section 21(3) a literal interpretation, which would serve only to promote litigation requiring circuitous routes to bring about the application of House Bill 17-C. Instead, we should give the act a more sensible and rational construction consistent with legislative intent thereby giving meaning to one of the most salient purposes of the new bill’s enactment which is:
“To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage.”
It is significant to observe that the overwhelming weight of authority supports retroactive application of legislative creation or amendment of divorce grounds unless the statutory language precludes such a construction. (Gleason v. Gleason, 1970, 26 N.Y.2d 28, 308 N.Y.S.2d 347, 256 N.E.2d 513, see footnote 5). In a well reasoned opinion, Chief Judge Fuld, speaking for the Court of Appeals, held in Gleason that the 1966 New York divorce reform law applied retroactively so as to permit its application to pre-1966 separations. In so doing the court stated:
“ * * * Indeed, since the Legislature was intent on providing nonfault grounds for divorce and sanctioning divorce decrees where the marriage was dead — as attested by the specified two-year separation — ‘it would be anomalous’, two knowledgeable commentators in the field of marriage and divorce have observed, ‘to permit judicial termination of marriages which became dead after September 1, 1966, but not those whose demise preceded that date.’ (Foster and Freed, The Divorce Reform Law [1969], p. 18.) In other words, the legislative purpose of effectively reforming the State’s divorce law would, to a large extent, be defeated by the restrictive judicial construction. * * * ” (Emphasis added.) (308 N.Y.S.2d at p. 353, 256 N.E.2d at p. 518.)
Therefore, I am of the opinion that the provisions of House Bill 17-C are applicable to appeals pending prior to the effective date thereof and, accordingly, this cause should be reversed and remanded for further consideration in accordance with the provisions of the newly-enacted legislation.