PEARSON, Judge.
The appellant, Saul Lane, was an applicant for a Master Plumber’s Certificate from Dade County. He took the examination and passed the morning portion which was an objective type examination. He *348 failed the afternoon examination which was designed to test the applicant’s knowledge of isometric drawings. Mr. Lane then brought a petition for writ of mandamus alleging that the Master Plumber Examination given by Dade County was illegal and that the afternoon section was not fairly and uniformly graded in accordance with lawful authority. An alternative writ was issued and a return filed. Extensive discovery was taken and a final hearing was held before the circuit judge. The court denied the peremptory writ of mandamus, quashed the alternative writ, and dismissed the petition.
The petitioner established in the mandamus proceedings below that the portion of the examination upon which he was not given a passing grade[1] was graded by a testing service known as H. H. Block & Co. It was established that the County had, for two years prior to the giving of the examination in which petitioner participated, a contract with the testing service whereby that organization compiled and graded examinations for the Building and Zoning Department of Dade County, Florida, but it was shown that the contract had expired at the time that appellant took the examination; nevertheless, the examination was processed through the testing service and it was the testing service which assigned the failing grade to appellant. Subsequent to the giving of the examination and the grading of appellant’s paper the County entered into a new contract with the same testing service which contract purported to ratify the services performed without contract, and the new contract was back dated by virtue of the resolution of the County Commission providing that it should commence at the termination of the prior contract. Petitioner further established that the giving of the examination in which he participated was delegated by the Dade County Commission to the Director of the Dade County Building and Zoning Department. The Director, a Mr. Cook, testified that he, in turn, had delegated the giving of the examination to Mr. Flagg who is the Administrative Supervisor for the Dade County Building and Zoning Department. Mr. Flagg testified that he was not qualified to grade the exam paper because he was without experience in the field of master plumbing and that he depended upon the Chief Plumbing Inspector of Dade County, Mr. Leidel, for advice “as far as the plumbing terms are concerned.”
Mr. Lane took the examination and was informed that he passed the morning portion and failed the afternoon portion. Procedure established by the department entitled him to a review of the paper if he requested it. The review was requested and conducted by Mr. Leidel. Mr. Leidel acceded to some of Mr. Lane’s objections to the unit grades given and recommended to Mr. Flagg and Mr. Cook that the exam paper be reevaluated by the testing service. After a conference with Mr. Flagg and Mr. Cook, the paper was returned to the testing service with notation of appellant’s objections to which the officials of the department thought reconsideration should be given. After a conference with the officials of the Building and Zoning Department at which new guidelines were agreed upon, the testing service again graded the afternoon portion of appellant’s examination and again returned the paper with a notation that a grade of 50 was given. This grade was not sufficient to pass (see footnote 1). Mr. Leidel, who was *349 the Chief Plumbing Inspector and who was the person most relied upon by Mr. Cook and Mr. Flagg for judgment in plumbing matters, testified upon deposition that he himself would have given the appellant a grade of rather than the 50 assigned.
Based upon the above facts appellant urges four points. The first urges that the testing service was not legally entitled to act and that therefore its grade cannot be used as a bar to appellant’s right to a license. Second, it is urged that the County may not legally grant authority to the Director of the Building and Zoning Department and his officials to give and grade an examination for Master Plumber, and, therefore, since no valid examination was given, appellant is entitled to a certificate. Thirdly, it is argued that the County may not constitutionally delegate to the testing service the discretionary duty of grading the examination papers. The fourth point urges that the court erred in refusing appellant the right to call certain rebuttal witnesses.
It will be observed that under none of appellant’s points does he urge that he legally passed the examination and is therefore demonstrating a clear, legal right to the issuance of the certificate on that basis. Appellant’s petition in the trial court proceeded upon allegations that the examination (1) was illegally given; and, (2) was not fairly and uniformly graded. On this appeal the appellant has not argued that the grading was unfair or not uniform, though even if that were the case, it has been held that once an administrative Board has failed an applicant on an examination for an occupational certificate of competency the relator cannot seek “to have the court direct the Board as to the manner in which it should exercise its discretion.” State ex rel. Topp v. Board of Electrical Examiners for Jacksonville Beach, Fla.App.1958, 101 So.2d 583.
We hold that appellant has not demonstrated a clear, legal right to a certificate as a Master Plumber in Dade County. Before a court will issue a writ of mandamus, the relator must show that he has a clear, legal right to the performance of the duty sought to be enforced, and furthermore, that there is no other method of redressing the wrong. State ex rel. Holland v. Eau Gallie, Fla.1953, 65 So.2d 877; State ex rel. Norman v. Holmer, 160 Fla. 434, 35 So.2d 396 (1948). If appellant is correct that authority to give and grade the examination was illegally delegated, then he might seek an order directing that he be given a lawful examination. But he cannot file a petition for mandamus and expect Dade County to be compelled to issue a Master Plumber’s certificate to him because the examination was defective. As was properly stated in Sanitarians’ Registration Board v. Solomon, Fla.App.1963, 148 So.2d 744:
* * * * * *
“Mandamus is a harsh and extraordinary remedy. It is available to enforce a legal right that has already been clearly established, but not to establish a legal right. State ex rel. Topp v. Bd. of Electrical Examiners (Fla.App.1958) 101 So.2d 583. The writ is not awarded as a matter of right, but in the exercise of a sound judicial discretion, subject always to established rules of law; and the complaining party must show that he has a clear legal right to the performance of the particular duty sought to be enforced.” [Citing cases.] Emphasis added.
* * * * * *
This case does not present the situation posed in State ex rel. Greenberg v. Dade County, Fla.App. 1960, 120 So.2d 625, where the Dade County Board of Electrical Examiners was compelled to issue a countywide certificate of competence to the relator, an electrician, under a grandfather clause of a Dade County ordinance. In that case the court stated:
******
“It is clear that a licensing ordinance which allows a board to issue or with *350 hold a certificate of competency, on certain specified proof, at its whim and not according to any fixed or ascertainable standards, requirements or qualifications of the applicant, would not be valid. A licensing ordinance must prescribe definite rules and conditions for an applicant to meet, and may not place power in the uncontrolled discretion of the board.”
* * * * * *
See also Solomon v. Sanitarians’ Registration Board, Fla.1963, 155 So.2d 353. In the instant case, if it is true that only the County Commission can give him an examination or that only the Chief Building Inspector of Dade County is qualified to grade the examination then appellant has not demonstrated that he has passed an examination required by the County Building Code. Appellant did not demonstrate in the trial court that he was entitled to a certificate under any lawful procedure.
Appellant’s fourth point, which urges error in the trial court’s procedure when it declined to admit rebuttal evidence by the plaintiff, does not present reversible error. The evidence which appellant stated he wished to offer was that of two qualified plumbers in Dade County who would testify that the afternoon portion of the examination was incorrectly graded. Upon a petition for mandamus the trial judge was not authorized to substitute his judgment as to how appellant’s answers should have been graded, so he was not in need of expert testimony as to what other Master Plumbers considered the correct answers to be. The only question before the trial judge was whether the petitioner, appellant here, had by the evidence before the court demonstrated a right to a certificate under the provisions of the Code of Metropolitan Dade County, Florida. We think that he correctly held that the clear, legal right to the certificate was not demonstrated.
Affirmed.

. The notice of the holding of the examination contained the following provision:
“The subject matter of the examination will be covered by the South Florida Building Code and the applicable national standards adopted by that Code, as well as customary practices in the particular trade concerned.
“Above examinations may be either ‘open’ or ‘closed’ hook or a combination thereof. Applicants will be notified of any ‘open’ book references which may be studied and brought to the examination. Passing for Master Plumber requires an overall score of 70% and a minimum score of 70% must be obtained on the written portion before the drawing portion is scored.”