PER CURIAM.
On and prior to May 13, 1965, the appellant Peter Pantages held a valid countywide certificate of competency as a master electrician issued to him by Metropolitan Dade County. On May 13, 1965, after a hearing based on certain complaints relating to the manner of performance of such work by Pantages, the Metropolitan Dade County Electric Contractors’ Examining Board rendered a unanimous decision suspending his certificate of competency “pending re-examination” by the Board. That ruling specified it was taken under Chapter 10-14(a) (1) of the Code of Metropolitan Dade County.[1]
*237 Pursuant to the provision in section 10-15 of the code for review of such decisions by certiorari in the circuit court of Dade County, Pantages timely sought review of the suspension order by petition for certio-rari filed in the circuit court. That proceeding was terminated by a judgment denying certiorari, entered by the circuit court on August 11, 1966. No appeal was taken therefrom, but later Pantages applied to the circuit court, under Rule 1.540, RCP, 31 F.S.A., for relief from the suspension order, contending that the order was void. That motion was denied by the circuit court.
Thereafter, on September 24, 1968, Pan-tages filed in the circuit court a petition for alternative writ of mandamus, the object of which was to compel the respondent Board “to enter a legal judgment” in accordance with the applicable provision of the Code of Metropolitan Dade County. The circuit court issued a rule to show cause as to why an alternative writ of mandamus should not issue. The Board filed a response, contending the matter was res judicata because of the prior proceedings referred to above, and contending that the action in mandamus was improper in that it was an untimely effort to review the 1966 judgment of the circuit court, from which no appeal had been taken. Upon hearing on the rule to show cause the circuit court entered an order dismissing the petition for alternative writ of mandamus. Pantages then filed this appeal from the last mentioned order of the circuit court.
The appellant contends that the order of the Board, suspending his certificate “pending re-examination” was not a lawful order in that it is not one which the Board was authorized to make under the code.[2] In support of that contention the appellant argues that the provision of the code which, as to suspension, specifies that the “decision” shall be “Suspension of the certificate, stating time,” requires that a suspension decision must fix a time period (in days or months) ; that a suspension “pending re-examination” does not meet the requirement of the code for such suspension order to fix the “time” thereof, but in effect amounts to a revocation of the certificate, in that it places the appellant in the status of one not holding a certificate, who must apply and be examined in order to obtain a certificate; and appellant points out that, as a revocation, the Board’s order was not in the form required by the code for a revocation decision.
The appellee contends, and we agree, that the judgment of the circuit court dismissing the mandamus action must be affirmed, aside from any consideration of the merits of the appellant’s contentions which are listed above. Section 10-15 of the Code of Metropolitan Dade County provided for review of the Board’s suspension order by petition for certiorari in the circuit court. That conferred avenue of review was pursued by Pantages, resulting in a judgment adverse to him, which had the effect of leaving the Board’s suspension ruling undisturbed. The defects in the Board’s order which are suggested here either were or could have been contended for in seeking relief from the order in the initial proceeding for review in the circuit court. In addition, those matters were brought to the attention of the circuit *238 court by a subsequent motion for relief, which was denied.
Accordingly, the judgment of the circuit court denying mandamus is affirmed.

. Subsection (a) (1), of section 10-14 of the Metro Code which is entitled “Grounds for revocation or suspension of ' certificates,” provides: “(a) Any certificate of competency and certificates of eligibility to act as qualified agent may be suspended or revoked after notice and reasonable opportunity to be heard, if it is found that: (1) The certificate was fraudulently obtained or erroneously issued * *

. Section 10-15 of the Metro Code, entitled “Procedure for revocation or suspension, review of adverse decision,” with reference to the decisions which may be made by the Board in such proceedings, provides as follows: “A decision shall be made within five (5) days after the close of the hearing. The decision shall he one of the following, and copies of the decision shall be mailed to all municipal-ties within Dade County: (1) Not guilty. (2) Suspension of the certificate, stating time. (3) Revocation of the certificate, naming the effective date. (4) Official letter of reprimand to become a part of the certificate holder’s permanent file.”