314 So.2d 196 (1975)
The STATE of Florida, On Relation of Gerson BLATT, Appellant,
v.
PANELFAB INTERNATIONAL CORPORATION, a Florida Corporation, Appellee.
Nos. 74-201, 74-202.
District Court of Appeal of Florida, Third District.
June 10, 1975.
*197 Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Pettigrew & Bailey, and Eugene E. Stearns, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Relator in the circuit court seeks review of an order quashing alternative writ of mandamus.
On November 17, 1972 Gerson Blatt, the appellant herein, was indicted by a federal grand jury for various alleged violations of the Securities and Exchange Act. At the time, appellant was the general counsel for and a director of Panelfab International Corporation, the appellee herein. After having defended successfully the charges against him and receiving a judgment of acquittal, Blatt then made written demand upon the appellee corporation for reimbursement of attorneys' fees and costs incurred as a result of the litigation pursuant to § 608.13(14)(c), Fla. Stat., F.S.A.[1] Upon Panelfab's refusal to indemnify him, appellant filed in the circuit court a petition for alternative writ of mandamus to compel the respondent, Panelfab International Corporation, to pay him a total of $67,086.12 for the reasonable expenses and attorneys' fees actually *198 and necessarily incurred in his defense of the federal criminal action. The circuit court after an ex parte hearing on this petition issued the alternative writ of mandamus. On the return day, respondent-appellee filed a motion to quash the alternative writ with accompanying affidavits on the grounds that (1) same was issued without notice of hearing; (2) appellant failed to show that he did not have other adequate remedies at law or in equity; (3) appellant in seeking the extraordinary remedy of mandamus was guilty of laches; and (4) mandamus does not lie where there is a factual dispute which must be resolved in order to establish a right to recovery. A hearing was held on the motion to dismiss and thereafter the court entered its order quashing the alternative writ of mandamus on the ground that petitioner was not without other adequate remedies. Gerson Blatt appeals therefrom. We affirm.
Prior to the issuance of a writ of mandamus by a court, it is essential that a relator demonstrate that he has a clear legal right to the performance of the duty sought to be enforced and that he also show and allege in his petition therefor that no other adequate remedy exists. State ex rel. Eldredge v. Evans, Fla.App. 1958, 102 So.2d 403; O'Brien v. Campbell, Fla.App. 1960, 118 So.2d 672; State ex rel. Lane v. Dade County, Fla.App. 1972, 258 So.2d 347; Moneyhun v. Purdy, Fla.App. 1972, 258 So.2d 505.
As respondent correctly alleged in its motion to quash alternative writ of mandamus, it is apparent that relator Blatt has failed to allege in his petition that he is without adequate remedies at law or in equity, nor does the petition on its face reflect that he is in fact without same. Furthermore, relief cannot be afforded by mandamus where the right to which relator claims he clearly is entitled depends on the determination of controverted questions of facts. State ex rel. H.W. Metcalf Co. v. Martin, 55 Fla. 538, 46 So. 424 (1908); Sanitarians' Registration Board v. Solomon, Fla.App. 1963, 148 So.2d 744. The record in the instant case discloses that there is in dispute the question of whether or not the criminal charges against Blatt resulted in whole or in part from his conduct outside the scope of his duties as general counsel for or as director of the respondent corporation. Hence, the inappropriateness of the extraordinary relief by way of writ of mandamus in the case sub judice.
For the hereinabove reasons, we affirm the order appealed without prejudice to the appellant to seek such other relief, legal and/or equitable as he is inclined to pursue.
Affirmed.
NOTES
[1] "608.13 Corporate powers.

"Every corporation shall, unless otherwise provided by its certificate of incorporation or by law have power to:
* * * * *
"(14) Indemnify any person made a party, or threatened to be made a party, to any theatened, pending, or completed action, suit, or proceeding:
"(a) Whether civil, criminal, administrative, or investigative, other than one by or in the right of the corporation to procure a judgment in its favor, brought to impose a liability or penalty on such person for an act alleged to have been committed by such person in his capacity of director, officer, employee, or agent of the corporation, or of any other corporation, partnership, joint venture, trust, or other enterprise which he served as such at the request of the corporation, against judgments, fines, amounts paid in settlement, and reasonable expenses, including attorneys' fees, actually and necessarily incurred as a result of such action, suit, or proceeding, or any appeal therein, if such person acted in good faith and in the reasonable belief that such action was in the best interests of the corporation, and in criminal actions or proceedings, without reasonable ground for belief that such action was unlawful. The termination of any such action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not in itself create a presumption that any such director or officer did not act in good faith in the reasonable belief that such action was in the best interests of the corporation or that he had reasonable grounds for belief that such action was unlawful.
* * * * *
"(c) To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in paragraph (a) or (b), or in any defense of any claim, issue, or matter therein, he shall be indemnified against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection therewith."
* * * * *