538 So.2d 120 (1989)
Ricky CHAVIS, Appellant,
v.
Richard L. DUGGER, Secretary, Florida Department of Corrections, Appellee.
No. 88-1179.
District Court of Appeal of Florida, First District.
February 9, 1989.
Rehearing Denied March 23, 1989.
Ricky Chavis, pro se.
Robert A. Butterworth, Atty. Gen., and Marilyn K. Morris Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant, a prisoner, appeals the denial of his petition for writ of mandamus, in which he sought to compel appellee to grant him administrative gain time pursuant to section 944.276(1)(c), Florida Statutes (1987).[1] We affirm.
The trial judge correctly denied the petition on the ground that appellant did not show the "requisites for obtaining relief through writ of mandamus." In order to show entitlement to relief by petition for writ of mandamus,
the petitioner must demonstrate a clear legal right on his part, an indisputable legal duty on the part of respondents, and that no other adequate remedy exists. [Citations omitted.] Mandamus is available to enforce an established legal right but not to establish that right. [Citations omitted.]
State, Department of Health, Etc. v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981). Appellant's assertion that he is entitled to credit for administrative gain time pursuant to section 944.276(1)(c) because he has a certificate stating that he "satisfactorily completed" a group therapy sex offender program at Apalachee Correctional Institution does not establish a clear legal right to administrative gain time under the statute since the record shows that a question exists as to whether his completion of that treatment program can be categorized as "successful." Further, the record neither contains evidence nor does appellant indicate that he has pursued any administrative remedies available through rule 33-3.007, Florida Administrative Code, which provides for inmate grievance procedures.
For the above reasons, appellant failed to show his entitlement to relief through petition for writ of mandamus. Therefore, the *121 trial court's denial of that petition is affirmed.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] That statutory subsection provides for the granting of administrative gain time to inmates, under certain conditions, unless the inmates:

(c) Were convicted of sexual battery or any sexual offense specified in s. 917.012(1) and have not successfully completed a program of treatment pursuant to s. 917.012; or... .