604 So.2d 1232 (1992)
Elio PINO, Petitioner,
v.
DISTRICT COURT OF APPEAL, THIRD District, et al., Respondents.
No. 79133.
Supreme Court of Florida.
September 17, 1992.
Marc L. Goldman of the Law Offices of Marc L. Goldman, Miami, for petitioner.
Alan R. Schwartz, Chief Judge, Third Dist. Court of Appeal, Miami and David L. Kahn, Ft. Lauderdale, for respondents.
GRIMES, Justice.
Elio Pino petitions for a writ of mandamus to compel the Third District Court of Appeal to reinstate his appeal. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
Pino filed suit in circuit court against Union Bankers Insurance Company (Union). During the course of litigation, the trial court entered an order granting sanctions against Pino and denied Pino's motion to set aside the order granting sanctions. Pino sought review of these orders by petitioning the Third District Court of Appeal for writ of certiorari. The petition was denied. Thereafter, on August 19, 1991, the trial court granted summary final judgment for Union. Pino filed a notice of appeal on September 9, 1991, in which he sought to appeal the summary final judgment as well as the two orders pertaining to sanctions. Union moved to dismiss the appeal with respect to the orders on sanctions, contending that these were final orders from which timely appeals had not been taken. The district court of appeal entered an order reciting that Union's motion to dismiss appeal was granted and that the appeal was dismissed as taken from nonappealable orders.
Subsequently, on November 11, 1991, Pino moved for an extension of time to file his initial brief. On November 14, 1991, the district court of appeal issued an order denying the motion for extension for lack of jurisdiction. Pino then filed a motion to reinstate appeal and to correct clerical error, pointing out that Union had moved to dismiss only the appeals from the two orders on sanctions. Union filed a response admitting that the summary final judgment was not the subject of its motion to dismiss. However, the Third District Court of Appeal denied Pino's motion to reinstate and correct clerical error. Pino filed a motion for rehearing of that order, which was also denied.
There is no dispute that Union's motion to dismiss was only directed to the appeals from the orders on sanctions. In granting the motion with respect to these appeals, the appellate court presumably concluded that the sanction orders were final and should have been appealed, if at all, within thirty days of their entry. However, in addressing Pino's motion to extend the time for filing his brief in the appeal from the summary final judgment, the district *1233 court of appeal apparently did not realize that its prior order granting Union's motion to dismiss pertained only to the appeals from the sanction orders. Because the time within which Pino had to file his initial brief had not yet expired, there was no basis upon which Pino's appeal from the final summary judgment could be dismissed.
Mandamus is an appropriate remedy where the petitioner has a clear legal right to the performance of a particular duty and has no other legal method for obtaining relief. Caldwell v. Estate of McDowell, 507 So.2d 607 (Fla. 1987). Mandamus is properly used to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction. State ex rel. Gaines Constr. Co. v. Pearson, 154 So.2d 833 (Fla. 1963). Here, the Third District Court of Appeal was clearly incorrect in its determination that it had no jurisdiction over the appeal from the summary final judgment.
Because we feel confident that the Third District Court of Appeal will reinstate Pino's appeal from the summary final judgment, we withhold the issuance of the writ.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.