698 So.2d 280 (1997)
Mario Coka BORJA and Fanny Barge De Coca, as Co-Executors of the Estate of Mario Humberto Coka Barriga, Empresa De Suministros Industrailes Cia, Ltda. (ESI); Mario Coka Barriga Cia, Ltda. (MACOB); Servicios Y Transportes C, Ltda. (SAYR); and Fanny Borja De Coka, individually; Petitioners,
v.
NATIONSBANK OF FLORIDA, N.A., a national bank, f/k/a The Citizens and Southern National Bank of Florida, N.A., and NCNB National Bank of Florida, N.A.; and Gustavo A. Ardila, individually, Respondents.
No. 97-824.
District Court of Appeal of Florida, Third District.
July 2, 1997.
Rehearing Denied September 10, 1997.
Schulte & Bisbing, P.A., Miami; Russo & Talisman, P.A. and Elizabeth K. Russo, Coconut Grove, for petitioners.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., and Lisa K. Bennett, Miami, and Jennifer D. Stearns, Ft.Lauderdale, for respondents.
Before LEVY, GERSTEN and GREEN, JJ.
PER CURIAM.
By petition for writ of mandamus, petitioners seek an order directing the trial court to effectively amend its final judgment. The final judgment entered by the court inadvertently omits the names of some of the parties to the action. Due to this omission, petitioners claim that no final judgment was ever entered against the parties omitted. Respondents, however, argue that the omissions are merely technical errors that do not affect the finality of the judgment. We agree and find that the appropriate remedy is for the court to amend the judgment nunc pro tunc to the date of its final judgment.
Mandamus is an appropriate remedy here where the petitioners have a clear legal right to the performance of a ministerial duty and have no other legal method for obtaining relief. See Pino v. District Court of Appeal, Third District, 604 So.2d 1232, 1233 (Fla.1992); Parsons v. Wennet, 625 So.2d 945, 948 n. 1 (Fla. 4th DCA 1993). However, we find that the trial court's amendment of its final judgment to correct a mere clerical error will not affect its finality *281 for purposes of appeal.[1]See St. Moritz Hotel v. Daughtry, 249 So.2d 27, 28 (Fla.1971) (amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought); Chan v. Brunswick Corp., 388 So.2d 274, 275 (Fla. 4th DCA 1980) (where successive judgments are entered and later judgment represents neither material change of earlier judgment nor a new exercise of discretion, time for appeal is counted from earlier judgment).
Accordingly, we direct the trial court to correct its final judgment to include the names of the omitted parties nunc pro tunc on the date of the original final judgment. Being confident the trial court will comply with the directions of this opinion, we withhold issuance of the writ.
NOTES
[1] We also note that rather than seeking to have the judgment amended within the appropriate time frame, see Fla. R. Civ. P. 1.530(g) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment ...."), petitioners waited almost an entire year before they sought the correction of this judgment.