698 So.2d 309 (1997)
MORSE DIESEL INTERNATIONAL, INC., a Delaware corporation, Appellant,
v.
2000 ISLAND BOULEVARD, INC., a Delaware corporation, Appellee.
No. 97-1285.
District Court of Appeal of Florida, Third District.
July 30, 1997.
Rehearing Denied September 10, 1997.
*310 White & Case, and Stephen M. Corse, and Darin A. DiBello, Miami, for appellant.
Zarco & Pardo, P.A., and Stevan J. Pardo, Miami, and Elissa Gainsburg, Plantation; Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A. and Elliot H. Scherker, Miami, for appellee.
Before COPE, GREEN and SORONDO, JJ.
GREEN, Judge.
Morse Diesel International, Inc. ("Morse Diesel"), a general contractor, seeks review of a peremptory writ of mandamus entered in favor of 2000 Island Boulevard, Inc. (hereinafter "Williams Island"), the owner and developer of a 280 unit high-rise condominium project. The writ of mandamus authorized the release of a cash bond which was the corpus of pending litigation between these parties in another circuit court division. We reverse.

I PENDING ACTION
On April 26, 1995, Morse Diesel sued Williams Island allegedly for money due under a construction contract. This construction dispute suit was assigned to and is currently pending in another division of the circuit court.[1] The suit was filed prior to the completion of the project and the parties entered into an agreement (dubbed the "Standstill Agreement") which temporarily stayed the litigation pending the completion of the project. The "Standstill Agreement" *311 provided, among other things, that Morse Diesel would have a lien on a pool of 20 units in the condominium to secure its claim on the issues then in dispute. In exchange, Morse Diesel agreed to release its lien rights with respect to the remaining units. On February 23, 1996, Morse Diesel recorded its claim of lien for $1,816,438 against the pool of units provided for in the "Standstill Agreement." Williams Island posted a bond on a prorated basis as to five of the units. Thereafter, when additional disputes arose between these parties over the project, Morse Diesel asserted additional claims against the project and on April 10, 1996, recorded a statutory claim of lien in the amount of $3,342,388. This April 10, 1996 claim of lien purported to supersede and replace the February 23, 1996 claim of lien for $1,816,438. In its contractor's affidavit dated April 12, 1996, Morse Diesel averred that approximately $2.6 million of $3.3 million dollars claimed was for amounts owed to its subcontractors. Subcontractors also filed their separate claims in amounts exceeding $900,000. Williams Island then posted a cash bond for approximately $4.3 million dollars on May 13, 1996.
The next day, Williams Island filed an emergency motion for the clerk to transfer all of the liens to its cash bond and to reduce Morse Diesel's amended claim of lien and bond when certain subcontractors were paid. The trial court ordered that the liens be transferred to the cash bond but denied Williams Island's request for reduction of the bond upon payment to the subcontractors. Williams Island then filed an amended counterclaim which asserted, in part, a claim for fraudulent lien and declaratory relief. Thereafter, Williams Island filed a motion for partial summary judgment on its amended counterclaim. In this motion, Williams Island again sought, among other things, a reduction of the amended claim of lien and bond based upon its payments made to subcontractors. This motion was denied in an order dated July 17, 1996.

II MANDAMUS ACTION
Having failed to procure a reduction of the amended claim of lien and bond in the pending litigation, on February 29, 1997, Williams Island instituted this original action against the Clerk of the Court for a writ of mandamus and an emergency motion directing the clerk to disburse the cash bond pursuant to section 713.24(4), Florida Statutes (1995).[2] This mandamus action was assigned to the trial court below. In its complaint for mandamus, Williams Island alleged that Morse Diesel had recorded its original claim of lien for $1,816,438 on February 23, 1996 and had subsequently amended the same on April 10, 1996 to increase the claim of lien to $3,342,388. The gravamen of the complaint was that the claim of lien had expired due to Morse Diesel's failure to commence an action to foreclose upon the same within the one (1) year period prescribed by section 713.22(1), Florida Statutes (1995) and/or Williams Island's satisfaction of the subcontractor's liens.
Morse Diesel was not made a party to this mandamus action and inexplicably (and we think, indefensibly) was not given any notice of this proceeding by Williams Island. Moreover, Williams Island never filed a "Notice of Previous Filing" to immediately alert to the existence of the fact that this cash bond was in whole or in part the corpus of a legal dispute pending in another circuit court division. The lower court thereafter issued an order directing the clerk to show cause why the cash bond should not be released to Williams Island.
The Clerk of the Court filed a response to the order to show cause generally denying the allegations that Morse Diesel's claim of lien had expired by operation of law and/or had been satisfied and asserted defenses in opposition to the writ. In its affirmative defenses, the clerk specifically averred that Williams Island did not have a clear legal right to the issuance of the writ where the cash bond in whole or in part was the subject matter or corpus of a legal dispute in another *312 division of the circuit court and where Williams Island had another available legal remedy in the other proceeding. In its order dated March 7, 1997, the lower court granted the emergency motion and directed the clerk to release $3,623,405.07 of the cash bond to Williams Island and in the future, "to disburse to Williams Island any remaining portion of the cash bond in the Court's Registry... which shall expire, be extinguished, satisfied, or otherwise discharged, upon presentation of sufficient evidence demonstrating such expiration, extinguishment, discharge or satisfaction."
By the time that Morse Diesel learned of this order on March 11, 1997,[3] the funds had already been disbursed to Williams Island. Morse Diesel filed an emergency motion to intervene in the action below and a motion for rehearing of the March 7th order. Morse Diesel's motion for intervention was granted and the court heard the motion for rehearing. Without an evidentiary hearing, the lower court granted the motion for rehearing only in part by directing Williams Island to return only $1,750,000[4] of the disbursed funds to an interest bearing account pending the stipulated transfer of this cause to the circuit court division where the litigation between these parties was pending. This appeal followed.
We conclude that the lower court abused its discretion in granting the writ of mandamus where (1) the record did not disclose Williams Island's clear legal right to the same in that a genuine dispute existed as to whether Morse Diesel's claim of lien had expired by operation of law; (2) Williams Island had another adequate legal remedy to procure the release of these funds; and (3) Morse Diesel was an interested party to the mandamus proceeding who had not been brought before the court.
For the issuance of a writ of mandamus, the petitioner must demonstrate a clear legal right to the performance of a ministerial duty by the respondent and that no other adequate remedy exists. See Pino v. District Court of Appeal, Third Dist., 604 So.2d 1232, 1233 (Fla.1992); Hatten v. State, 561 So.2d 562, 563 (Fla.1990); Parsons v. Wennet, 625 So.2d 945, 948 n. 1 (Fla. 4th DCA 1993); Chavis v. Dugger, 538 So.2d 120, 120 (Fla. 1st DCA 1989); State ex rel. Blatt v. Panelfab Int'l Corp., 314 So.2d 196, 198 (Fla. 3d DCA 1975). "Mandamus is available to enforce an established legal right but not to establish that right." Chavis, 538 So.2d at 120; see also Blatt, 314 So.2d at 198 (mandamus unavailable where the asserted right depends upon a determination of controverted questions of part); see also Brooks v. City of West Miami, 246 So.2d 115, 116 (Fla. 3d DCA), cert. denied, 249 So.2d 691 (Fla.1971). We find that Williams Island did not establish a clear legal right to mandamus where the clerk's answer and affirmative defenses created a genuine issue of fact about whether Morse Diesel's claim of lien had expired and/or been satisfied. In granting the writ, we think that the court improperly adjudicated rather than enforced an established right to these funds by Williams Island. Moreover, Williams Island did not allege in its complaint for mandamus that it had no adequate remedy at law. Clearly, its motions for reduction of the bond and motion for partial summary judgment previously filed in its pending litigation with Morse Diesel would have negated any such allegation. The fact that Williams Island was unsuccessful in its attempts to have the bond reduced and/or released with these motions did not render such remedies inadequate. See Pantages v. Constr. Trades Qualifying Bd. of Dade County, 231 So.2d 236, 237-38 (Fla. 3d DCA 1970).
We further find that the writ was improvidently issued where Morse Diesel was an interested party to this proceeding but was given no notice and opportunity to be heard on the issues raised in the petition. "[W]here it appears that real and substantial interests of third parties not before the court are involved, mandamus will not lie, unless the claims appear unreal and imaginary." Allen v. School Bd. of Broward County, 522 *313 So.2d 1036, 1037 (Fla. 4th DCA 1988) (citing City of DeLand v. State, 423 So.2d 529, 530 (Fla. 5th DCA 1982)). In Allen, a writ of mandamus for the release of certain funds in favor of the school board was reversed where the released funds were also the subject matter of a pending class action lawsuit between taxpayers and the county commissioners. Where the taxpayers were not parties to the mandamus proceeding and denied permission to intervene in this proceeding to assert their rights to the funds, the district court held that the lower court had abused its discretion in granting the writ of mandamus and failing to consolidate the mandamus proceeding with the class action litigation.
We similarly conclude that it was an abuse of discretion for the lower court to grant the writ of mandamus for the release of the cash bond (or any portion thereof) where these funds were in dispute between Williams Island and Morse Diesel in another pending action. Although the lower court did transfer this mandamus proceeding for the purpose of having it consolidated with the pending action between the parties, we find that it was an abuse of discretion for the lower court not to also have required Williams Island to redeposit all of the disbursed proceeds of the cash bond pending the disposition of the matter in the other proceeding.
We therefore reverse and remand with directions that Williams Island be required to redeposit all of the disbursed proceeds from the cash bond pending further orders of the lower court in that action styled Morse Diesel International, Inc. v. 2000 Island Boulevard, Inc., Case No. 95-08298 CA 11.
Reversed.
NOTES
[1] See Morse Diesel International, Inc. v. 2000 Island Boulevard, Inc., Case No. 95-08298 CA 11.
[2] That section provides that:

If no proceeding to enforce a transferred lien shall be commenced within the time specified in s. 713.22 or if it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.
[3] The clerk apparently mailed a copy of the court's order to Morse Diesel.
[4] The court concluded that the remaining funds represented payments made by Williams Island to subcontractors.