PER CURIAM.
Although we might question why the circuit court entertained appellant’s suit in its appellate capacity, as opposed to a new action for writ of mandamus directed to the school board and appellee Schulman as acting superintendent, we conclude the correct result was reached when the court denied mandamus. We have treated this matter as a final appeal, rather than a petition for writ of certiorari directed to the circuit court sitting in its appellate capacity. Appellant does not argue that the circuit court’s procedure for handling his claim forms a basis for reversal.
We hold the circuit court did not err in denying appellant mandamus relief in *1245 refusing to compel appellee to provide him a “continuing contract” [sic] as a teacher pursuant to section 2B1.B6, Florida Statutes (1995), as mandamus may only be issued to enforce the duty of a public official when the duty is specific, clearly defined, and peremptory in nature. Sandegren v. State ex rel. Sarasota County Public Hospital Bd., 397 So.2d 657 (Fla.1981). In other words, the duty for which mandamus is sought must be purely ministerial. Assuming Williams sought a “professional service contract” rather than a “continuing contract,”[1] it is not at all clear to us that Williams, a substitute teacher in his fourth year, is entitled to such a contract.
Further, appellant is not entitled to mandamus relief because he has an adequate remedy at law. In addition to this mandamus action, Williams still has pending in the trial court a separate suit for declaratory relief and money damages arising from the same claim. See Pino v. Dist. Court of Appeal, Third Dist., 604 So.2d 1232 (Fla.1992) (mandamus is appropriate remedy only where petitioner has no other legal method for obtaining relief); McDaniel v. City of Lakeland, 304 So.2d 515 (Fla. 2d DCA 1974) (affirming denial of mandamus without prejudice to petitioner’s institution of a separate action for declaratory judgment or for damages to secure the relief he sought in mandamus petition).
AFFIRMED.
POLEN, SHAHOOD and TAYLOR, JJ., concur.

. Under section 231.36(3)(a), only those teachers who completed the statutory requirements before July 1, 1984, were entitled to a continuing contract. While we believe Williams actually wanted a professional service contract, this omission has no bearing on our holding in this case.