PER CURIAM.
This case involves the interpretation of Section 5.05 of the Dade County Home Rule Charter which authorizes the “Board of County Commissioners and only the Board ... [to] creat[e] ... new municipalities in the unincorporated areas of the county after hearing the recommendations of the Planning Advisory Board, after a public hearing, and after an affirmative vote of a majority of the electors voting and residing within the proposed boundaries _” (emphasis supplied).
Appellees ask the Court to read into Section 5.05 a requirement that the Board must hold an election when considering every petition for incorporation. On the one hand, it is clear that the provision sets forth certain prerequisites to authorizing incorporation. However, we do not interpret this language as imposing an obligation on the Board to hold an election. Instead, we find that Section 5.05 authorizes the Board to make a purely discretionary political decision, to-wit: whether to move forward towards authorizing incorporation, and does not create an obligation to hold an election. See § 165.041, Fla. Stat. (1997); Code of Metropolitan Dade County, Fla., ch.20, art. II (1998).
As indicated above, one of the prerequisites that must be satisfied before the Board could authorize incorporation would be the holding of an election. However, the Board need only hold an election if, and only if, the Board makes the purely discretionary decision to move forward towards authorizing incorporation. Accordingly, as with all political decisions that are purely discretionary, because Appellees cannot demonstrate “a clear legal right to the performance of a ministerial duty” namely, the holding of an election, mandamus was inappropriately granted in the instant matter. Borja v. NationsBank of Florida, N.A., 698 So.2d 280 (Fla. 3d DCA 1997); Fraternal Order Of Police v. Odio, 491 So.2d 339 (Fla. 3d DCA 1986).
Reversed.