ROTHENBERG, Judge.
James Harris, a pretrial detainee in the Miami-Dade County jail, seeks a writ of mandamus to compel the County Department of Corrections to restore his telephone privileges. We deny the petition.
The petitioner, James Harris, claims that he is being detained pre-trial in the Dade County Jail; that his telephone privileges have been restricted; and requests that this court issue a writ of mandamus compelling the Department of Corrections to provide him with full access to the telephone. Apparently, the petitioner is currently residing in a group cell where access to the phone for all inmates in his cell has been limited to weekdays from 8:00 a.m. to 6:00 p.m., due to on-going complaints of telephone fraud.
To obtain “a writ of mandamus, the petitioner must demonstrate a clear legal right to the performance of a ministerial duty by the respondent and that no other adequate remedy exists.” Morse Diesel Int’l v.2000 Island Blvd., Inc., 698 So.2d 309, 312 (Fla. 3d DCA 1997); accord, Borja v. Nations-Bank of Fla., N.A., 698 So.2d 280 (Fla. 3d DCA 1997).
As the petitioner has failed to provide any record proof of his assertion that he has been denied access to his attorney, that he has exhausted the administrative remedies available to him, or that the trial court which has control over his custody has ruled on the matter, we clearly lack jurisdiction to address the issue. We, therefore, deny the petition without prejudice to the petitioner to address the merits of his claim through the appropriate administrative process.
Petition denied.