938 So.2d 1 (2006)
Ian YORTY, etc., et al., Appellants,
v.
REALTY INVESTMENT & MORTGAGE CORP., INC., Appellee.
No. 3D05-2129.
District Court of Appeal of Florida, Third District.
June 21, 2006.
Rehearing and Rehearing Denied October 3, 2006.
*2 Murray A. Greenberg, Miami-Dade County Attorney, and Eric A. Hernandez, Assistant County Attorney, for appellants.
Stok & Associates, Aventura, and Robert A. Stok and Eric R. Thompson, for appellee.
Before FLETCHER and CORTIAS, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied October 3, 2006.
CORTIAS, Judge.
The appellants, Ian Yorty, as tax collector for Miami-Dade County, and Joel W. Robbins, as former property appraiser for Miami-Dade County[1] (collectively "County"), appeal from a non-final partial summary judgment continuing the stay of a tax deed sale and directing the County to apportion taxes for land owned by the appellee, Realty Investment & Mortgage Corp., Inc. ("RIMCI"). We reverse.
In 1996, Dade Foreign Trade Zone, Inc. ("DFTZ") and Wynwood Community Economic Development Corporation ("Wynwood") prepared and signed a document dedicating several real estate parcels, which each entity separately owned, into a six tract plat ("six tracts") named the Wynwood Industrial Complex ("WIC Plat"). On December 24, 1996, the WIC Plat, which is comprised of Tracts A through F, was recorded in the county public records.
In 1997, the County property appraiser assigned folio numbers for each of the six tracts in accordance with the subdivisions set forth in the recorded WIC Plat. In 1997, and every year thereafter, the County assessed the six tracts and sent corresponding *3 tax bills and notices to DFTZ and Wynwood. In 1998, DFTZ paid the entire 1997 tax bill for the six tracts described in the WIC Plat.
This case concerns only Tracts A and B. Since 1998, taxes on Tracts A and B have not been paid, and over $1.4 million in delinquent taxes are currently owed on those two tracts.
In December 2001, DFTZ conveyed a mortgage to the appellee, RIMCI, for certain subdivisions of property situated within Tracts A and B and owned by DFTZ ("Subtracts"). The Subtracts consist of approximately one-third (1/3) of Tract A and five-sixths (5/6) of Tract B. DFTZ defaulted under the mortgage and RIMCI filed a suit for foreclosure. In lieu of foreclosure, DFTZ granted a deed to RIMCI, and later conveyed a curative and corrective deed ("deed") to RIMCI with a legal description referencing the WIC Plat. On February 5, 2004, RIMCI took fee simple title of the Subtracts. As we have noted above, Tracts A and B, in which the Subtracts are located, carried tax liens at the time RIMCI acquired title.
On August 9, 2004, RIMCI secured a buyer for the Subtracts. On November 1, 2004, RIMCI requested that the County apportion the delinquent taxes on the Subtracts by subdividing Tracts A and B in accordance with the description in the deed. On January 13, 2005, the County property appraiser sent RIMCI a letter denying its request. In April 2005, RIMCI was served with notices stating that, unless all delinquent taxes on Tracts A and B were paid, a tax deed sale would occur on June 16, 2005.
On May 2, 2005, RIMCI filed its Verified Complaint alleging: (1) RIMCI is entitled to a declaratory judgment pursuant to section 86.011, et seq., Florida Statutes (2005), compelling the County to apportion the tax liens in accordance with RIMCI's ownership of the Subtracts; (2) the County deprived RIMCI of its right to alienate the Subtracts without due process of law under 42 U.S.C. ß 1983, et seq., (2005); and (3) RIMCI is entitled to a writ of mandamus compelling the County to apportion the delinquent tax liens in accordance with RIMCI's ownership of the Subtracts. The trial court entered an order enjoining the tax deed sale.
The County filed a motion to dismiss RIMCI's complaint and RIMCI filed a motion for summary judgment. The trial court granted RIMCI's motion for summary judgment with respect to its claims for declaratory judgment and mandamus relief, and denied the County's motion to dismiss with respect to the defenses concerning those claims.[2] The trial court stayed the tax deed sale on the Subtracts and ordered the taxing authorities to provide RIMCI with a tax bill only on land owned by RIMCI so that RIMCI could pay the property taxes owed on the Subtracts.
We review the trial court's entry of summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment may only be entered if there are no genuine issues of material fact and if the moving party is entitled to a judgment as a matter of law. Id. (citing Menendez v. Palms West Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999)).
We also review the trial court's denial of the County's motion to dismiss RIMCI's complaint de novo, as we are determining the legal sufficiency of RIMCI's allegations *4 as a matter of law.[3]See Apostolico v. Orlando Reg'l Health Care Sys., Inc., 871 So.2d 283, 286 (Fla. 5th DCA 2004)(holding that an appellate court does not defer to the trial court on matters of law); Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001)(holding that whether a complaint sufficiently states a cause of action is an issue of law reviewed de novo). When considering a motion to dismiss, the allegations in the complaint are taken as true and viewed in a light most favorable to the nonmoving party. Merovich v. Huzenman, 911 So.2d 125, 127 (Fla. 3d DCA 2005)(citing Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003)).
The main issues on appeal are whether the trial court properly granted RIMCI's motion for summary judgment and denied the County's motion to dismiss as to RIMCI's claims for declaratory judgment and mandamus relief. In order for a court to issue a writ of mandamus, "the petitioner must demonstrate a clear legal right to the performance of a ministerial duty by the respondent and that no other adequate remedy exists." Morse Diesel Int'l, Inc. v. 2000 Island Boulevard, Inc., 698 So.2d 309, 312 (Fla. 3d DCA 1997) (citations omitted). Moreover, the respondent must have an "indisputable legal duty to perform the requested action." Huffman v. State, 813 So.2d 10, 11 (Fla.2000)(citing Turner v. Singletary, 623 So.2d 537, 538 (Fla. 1st DCA 1993)). While mandamus is available to enforce an established legal right, it does not establish that right. Morse Diesel, 698 So.2d at 312.
With respect to a declaratory judgment action, the claimant must demonstrate that it is in doubt as to the existence or nonexistence of some right or status, and that it is entitled to have such doubt removed. See Bryant v. Gray, 70 So.2d 581, 584 (Fla.1954); Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992); Kelner v. Woody, 399 So.2d 35, 37 (Fla. 3d DCA 1981). Although this court has recognized that our review of a declaratory judgment is limited and the trial court's decision is accorded a presumption of correctness, a declaratory judgment may be overturned on appeal if it is based on a misapplication of law or shown by the record to be clearly wrong. Williams v. General Ins. Co., 468 So.2d 1033, 1034 (Fla. 3d DCA 1985)(citing General Ins. Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1983); Groover v. Adiv Holding Co., 202 So.2d 103 (Fla. 3d DCA 1967)).
The County contends that the trial court erred in granting RIMCI declaratory and mandamus relief, and that the trial court failed to recognize that the recording of the WIC Plat in the county public records established the WIC Plat as the official county map of all lands identified on the plat. On the other hand, RIMCI contends that the County erred in its initial apportionment of the tracts because the tax rolls did not include an identification of RIMCI, or an accurate identification of DFTZ, RIMCI's predecessor in interest.
*5 We find that, in assessing taxes on the Subtracts, the County did not err in relying on the WIC Plat filed by DFTZ and Wynwood. Section 193.114, Florida Statutes (1997) and Florida Administrative Code Rule 12D-8.007 provide that the property appraiser shall prepare the real property assessment roll. ß 193.114, Fla. Stat. (1997); Fla. Admin. Code R. 12D-8.007. In doing so, the property appraiser refers to the recorded plats identifying the real property. ß 177.021, Fla. Stat. (1997); Fla. Admin. Code R. 12D-8.008(1)(a)1. Section 177.021, Florida Statutes (1997), provides as follows:
Legal status of recorded plats. Äî The recording of any plats made in compliance with the provisions of this chapter shall serve to establish the identity of all lands shown on and being a part of such plats, and lands may thenceforth be conveyed by reference to such plat.
ß 177.021, Fla. Stat. (1997). Similarly, Florida Administrative Code Rule 12D-8.008(1)(a)1 provides as follows:
Where real property has been subdivided into lots according to a map or plat duly recorded in the office of the Clerk of Circuit Court of the county in which the lands are located, or is a condominium or co-operative apartment, the description of real property shall, in addition to Section, Township, Range, be based upon reference to such map or plat.
Fla. Admin. Code R. 12D-8.008(1)(a)1.
In the instant case, the property appraiser was entitled to rely on the WIC Plat in assessing the tracts. It is undisputed that, with the County's approval in 1996, DFTZ and Wynwood recorded the WIC Plat in the county records. The recording of the WIC Plat properly established the WIC Plat as the official county map of all lands identified on the plat. Neither DFTZ nor Wynwood challenged the tax assessment on the tracts. In fact, DFTZ paid the entire 1997 tax bill for the six tracts described in the WIC Plat. Thus, we find that the property appraiser properly based its tax assessment on the WIC Plat.
RIMCI next contends that it is entitled to an apportionment of taxes and an assignment of new folio numbers for the real property that it owns. However, the County states and we agree that taxes on real property must be based on the identity of a recorded plat, and not on subdivisions of property made pursuant to a deed. Thus, absent a new and duly recorded plat, RIMCI is not entitled to an apportionment of taxes or assignment of new folio numbers.
Moreover, apportionment is improper because delinquent taxes on Tracts A and B, as described in the WIC Plat, became liens on the property, and remain attached to the two tracts until the taxes are discharged by payment. See ß 197.122(1), Fla. Stat. (2005); ß 192.053, Fla. Stat. (2005); In re Mulberry Phosphates, Inc., 283 B.R. 347, 348 (Bankr.M.D.Fla.2002)(holding that "pursuant to Fla. Stat. ß 197.122, the unpaid property taxes become a statutory lien on the property to secure the amount of unpaid taxes"); In re Intelligent Med. Imaging, Inc., 262 B.R. 142, 143 (Bankr.S.D.Fla.2001)(holding that unpaid "taxes are secured by a statutory lien as provided by Fla. Stat. Ch. 197.122(1) and 192.053"). Since over $1.4 million in delinquent taxes are owed on Tracts A and B, tax liens attached to RIMCI's Subtracts, thereby precluding the County from apportioning taxes based solely on RIMCI's ownership of the Subtracts.
Finally, RIMCI contends that section 197.122(1), Florida Statutes (2005), authorizes the County to correct any error in its tax assessment at any time. Section 197.122(1) states, "any acts of omission or *6 commission may be corrected at any time by the officer or party responsible for them...." See ß 197.122(1), Fla. Stat. (2005). However, the County did not commit an act of omission or commission in basing its tax assessment on the WIC Plat filed in the public records by DFTZ and Wynwood. Rather, the County complied with both section 177.021 and Florida Administrative Code Rule 12D-8.008(1)(a)1, which establish the WIC Plat as the official county map for tax purposes. Furthermore, even assuming that the tax assessments on the tracts were erroneous, section 197.122(1) states, "[n]o act of omission or commission on the part of any property appraiser, [or] tax collector ... shall operate to defeat the payment of taxes." ß 197.122(1), Fla. Stat. (2005); see also City of Ft. Myers v. Heitman, 149 Fla. 203, 5 So.2d 410, 413 (1941)(holding that "[i]f errors in making tax assessments on the rolls are not corrected, that does not affect the duty to pay or the authority to collect the tax when it is duly authorized by law").
Having concluded that the property appraiser properly relied on the WIC Plat in assessing taxes and that the delinquent taxes became liens on the tracts which cannot be apportioned, we find that the trial court improperly entered summary judgment in favor of RIMCI. The trial court concluded that the tax rolls did not identify RIMCI and DFTZ, RIMCI's predecessor in interest, as the owners of the Subtracts, and that the folio numbers assigned by the County were not assigned in accordance with the ownership of the Subtracts. However, the trial court's entry of a declaratory judgment in favor of RIMCI was not supported by a proper application of law. See, e.g., Williams, 468 So.2d at 1035 (reversing the trial court's declaratory judgment in favor of the appellee because it was not supported by competent substantial evidence and a proper application of the law). A proper application of the Florida Statutes and Administrative Code requires that the property appraiser assess taxes based on the WIC Plat filed in the public records, and precludes an apportionment of taxes on property burdened by delinquent taxes. Therefore, a declaratory judgment should not have been entered in RIMCI's favor.
RIMCI is also not entitled to mandamus relief because it cannot demonstrate that it had an "established legal right" to an apportionment, or that the County had an "indisputable legal duty" to apportion RIMCI's taxes. See Huffman, 813 So.2d at 11; Morse Diesel, 698 So.2d at 312. On the contrary, RIMCI does not have an established legal right to an apportionment of taxes on land encumbered by tax liens. Furthermore, the County has a legal duty to base its taxation of real property on the recorded plat, and not on any subdivision of such property pursuant to a deed.
For similar reasons, we conclude that the trial court should have granted the County's motion to dismiss RIMCI's complaint for declaratory judgment and mandamus relief. It is significant that, in RIMCI's complaint, RIMCI acknowledges that its Subtracts are "currently platted with parcels of other real property in the [WIC] Plat," and that "past due" taxes are owed on the Subtracts and other property. These allegations actually support the County's reliance on the WIC Plat in making its assessment and the County's position that it cannot apportion RIMCI's taxes because delinquent taxes are owed on the tracts. Even taking RIMCI's remaining allegations as true, RIMCI cannot demonstrate that the County violated any law in denying RIMCI's request to apportion the tax liens in accordance with RIMCI's ownership of the Subtracts, or that the County is legally required to apportion the taxes on property encumbered by tax liens. Thus, the trial court should have *7 granted the County's motion to dismiss RIMCI's complaint.
Accordingly, we reverse the trial court's grant of RIMCI's motion for summary judgment continuing the stay of the tax deed sale and requiring apportionment, as well as its denial of the County's motion to dismiss with respect to the claims for declaratory judgment and mandamus relief. We affirm the trial court's determination that there are no indispensable parties which should have been joined in this action and remand for further proceedings consistent with this opinion.
Affirmed in part; reversed in part; and remanded.
NOTES
[1] The current property appraiser, as of July 4, 2005, is Frank Jacobs.
[2] The trial court's order did not address RIMCI's claim that the County deprived RIMCI of its right to alienate the Subtracts without due process of law under 42 U.S.C. ß 1983, et seq.
[3] We previously rejected RIMCI's argument that the trial court's non-final order denying the County's motion to dismiss was not appealable. As stated in our April 24, 2006 order, the County is "allowed to complain on appeal about any interlocutory ruling by the trial court which led up to the issuance of the injunction." The trial court's order has an injunctive effect because it stays the tax deed sale until the County provides RIMCI with a statement apportioning the delinquent tax liens in accordance with RIMCI's ownership of the Subtracts. Therefore, the denial of the motion to dismiss is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(B). See Fla. R.App. P. 9.130(a)(3)(B)(providing that non-final orders with injunctive effect may be appealed).