Dear Mr. Levy:
On behalf of The Honorable C. Raymond McIntyre, Highlands County Property Appraiser, you ask substantially the following questions:
1. Is the property appraiser authorized to grant a homestead tax exemption for subsequently acquired property adjacent to homestead property when no application for the tax exemption has been filed for the subsequently acquired property?
2. Does Article X, section 4 of the Florida Constitution by operation of law include subsequently acquired property adjacent to homestead property?
3. May a property appraiser retroactively grant homestead tax exemption to January 1st after the date of acquisition of property described in Question 1?
You have provided the following factual scenario. A property owner purchased a lot with a home in 1996, filing for and receiving the tax exemption for homestead property in 1997. In 1998, the property owner purchased an adjoining vacant lot, but never applied for a homestead tax exemption, nor requested that the two lots be combined for tax purposes. A tax exemption for homestead has not been granted for the subsequently acquired lot. In 2005, the property owner recorded a deed transferring all property owned by him into a revocable trust, with the exception of homestead property which he retained in his and his wife's names. Property Appraiser records show only the original lot as homestead property, with the adjacent lot transferred on the tax rolls into the name of the trust. The property owner states that he assumed that both lots were included in his homestead property after the transfer of his other property to the revocable trust, pursuant to section 4, Article X
of the Florida Constitution.
Due to the interrelated nature of your questions, they will be answered together.
Section 4, Article X of the Florida Constitution provides:
"(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law."
The purpose of the constitutional homestead exemption from forced sale is to protect families and to preserve the home for families even when there are just demands for debt.[1] It is the intent of the person to make the property his or her permanent residence which determines whether the property qualifies as a homestead for purposes of protection from a forced sale.[2] Section 222.01, Florida Statutes, provides a manner to establish homestead for purposes of debt protection prior to there being a levy and, section 222.02, Florida Statutes, provides for the filing of an affidavit to establish homestead for purposes of debt protection after a levy has been made.
The exemption from forced sale under section 4, Article X of the Florida Constitution, however, is different than the exemption from taxation for homestead and, as noted by one court, "must not be confused."[3]
Section 6, Article VII of the Florida Constitution affords a homestead tax exemption to individuals who maintain a permanent residence on real estate to which they hold legal or equitable title "upon establishment of right thereto in the manner prescribed by law." Thus, section 6, Article VII does not create an absolute right to a homestead tax exemption, but instead requires that taxpayers establish the right by following the procedures required by law.[4] The procedures include a timely application under Chapter 196, Florida Statutes. Section196.011(1)(a), Florida Statutes, provides:
"Every person or organization who, on January 1, has the legal title to real or personal property, except inventory, which is entitled by law to exemption from taxation as a result of its ownership and use shall, on or before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use. . . . Failure to make application, when required, on or before March 1 of any year shall constitute a waiver of the exemption privilege for that year, except as provided in subsection (7) or subsection (8)."[5]
Where the Legislature has prescribed the manner in which a thing is to be done, it acts as a prohibition against its being done in any other way.[6] In this instance, the homeowner did not make a timely application for homestead tax exemption on the adjacent vacant lot and nothing in the State Constitution or the Florida Statutes operates to automatically apply the homestead tax exemption afforded by section 6, Article VII of the Florida Constitution to such property. Moreover, as noted above, the homestead protection from forced sale provided by section 4, Article X of the Florida Constitution is distinct from the homestead tax exemption and does not operate to confer the tax exemption upon property.[7]
It is well settled that tax exemptions are to be strictly construed against the claimant seeking them and the burden is on the claimant to clearly demonstrate an entitlement to the tax exemption.[8] It does not appear that the transfer of property into a revocable trust with the exception of homestead property would substitute for a timely application for homestead tax exemption required by Chapter 196, Florida Statutes.[9]
In light of the above discussion, it is my opinion that only upon proper application by the property owner may the property appraiser grant a homestead tax exemption for subsequently acquired property adjacent to homestead property. Whether subsequently acquired property adjacent to homestead property also qualifies as homestead protected from forced sale under section 4, Article X of the Florida Constitution would be dependent upon the intent of the property owner to make such property his or her permanent residence.[10]
Sincerely,
BM/tals
[1] See Frase v. Branch, 362 So. 2d 317 (Fla. 2nd DCA 1978).
[2] See Matter of Cooke, 412 So. 2d 340 (Fla. 1982) (characterization of property as homestead depends upon the intention of the head of the family to make property his family's permanent residence).
[3] See Taylor v. Maness, 941 So. 2d 559, 563 (Fla. 3rd DCA 2006);S. Walls, Inc. v. Stilwell Corp., 810 So. 2d 566, 569 (Fla. 5th DCA 2002); Gautier v. Lapof, 91 So. 2d 324 (Fla. 1956).
[4] See Zingale v. Powell, 885 So. 2d 277 (Fla. 2004). See also Hornev. Markham, 288 So. 2d 196, 199 (Fla. 1973), in which the Florida Supreme Court stated:
"Appellant's contention that he has an absolute right to a homestead exemption is without merit. . . Article VII, Section 6, of the Constitution of the State of Florida, . . . does not establish anabsolute right to a homestead exemption. Rather, it clearly provides that taxpayers who otherwise qualify shall be granted an exemptiononly `upon establishment of right thereto in the manner prescribed bylaw'."
[5] Subsection (7) directs the value adjustment board to grant an exemption to an otherwise eligible applicant if the applicant clearly documents that failure to apply by March 1 was due to postal error. Subsection (8) allows an applicant who fails to timely apply to petition the value adjustment board for the exemption to be granted. Section196.031, Florida Statutes, states:
"(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . . Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located. The property appraiser may request the applicant to provide additional ownership documents to establish title."
Subsections (3)(d) and (3)(e) of the statute increases the tax exemption to $25,000 of assessed value for taxes levied by school districts and for levies of taxing authorities other than school districts. Subsection (5) states that "[t]he exemption provided in this section applies only to those parcels classified and assessed as owner-occupied residential property or only to the portion of property so classified and assessed."
[6] See Alsop v. Pierce, 19 So. 2d 799 (Fla. 1944) (express statutory direction as to how a thing is to be done is implied prohibition of its being done in any contrary manner).
[7] See Pierrepont v. Humphreys, 413 So. 2d 140, 143 (Fla. 5th DCA 1982) (failure to claim the homestead tax exemption is not evidence that property is not in fact homestead).
[8] See Capital City Country Club, Inc. v. Tucker, 613 So. 2d 448, 452
(Fla. 1993) (citing axiom that all tax exemptions are to be construed strictly). See also Dade County Taxing Auth. v. Cedars of LebanonHosp., 355 So. 2d 1202, 1204-05 (Fla. 1978); Volusia County v. DaytonaBeach Racing Recreational Facilities Dist., 341 So. 2d 498, 502 (Fla. 1976) appeal dismissed, 434 U.S. 804, 98 S. Ct. 32, 54 L. Ed. 2d 61
(1977); State ex rel. Szabo Food Servs., Inc. v. Dickinson,286 So. 2d 529, 530-31 (Fla. 1973); State ex rel. Wedgworth Farms, Inc. v.Thompson, 101 So. 2d 381, 386 (Fla. 1958).
[9] See Yorty v. Realty Investment Mortgage Corp., 938 So. 2d 1, 5
(Fla. 3rd DCA 2006) (taxes on real property must be based on the identity of a recorded plat, and not on subdivisions of property made pursuant to a deed).
[10] The conclusions reached herein render it unnecessary to answer your third question.