972 So.2d 1113 (2008)
Aleida MARTIN, Petitioner,
v.
HIALEAH HOUSING AUTHORITY, Respondent.
No. 3D07-2959.
District Court of Appeal of Florida, Third District.
January 30, 2008.
*1114 Legal Services of Greater Miami, Inc., and Carolina A. Lombardi, Miami, for petitioner.
Law Offices of Citrin & Walker and J. Frost Walker, III, Coral Gables, for respondent.
Before COPE, GREEN, and SALTER, JJ.
COPE, J.
The, question before us is whether the circuit court appellate division erred in concluding that it lacked jurisdiction to rule on Aleida Martin's motion for review of an order of an administrative hearing officer which denied Martin's motion for appellate costs. We conclude that the appellate division did have jurisdiction, and grant the petition for writ of mandamus.
The Hialeah Housing Authority terminated Martin's Section 8 housing benefits. At Martin's request, there was an administrative hearing before a hearing officer, who upheld the termination of benefits. Martin filed a petition for writ of certiorari in the circuit court appellate division. The panel granted certiorari and quashed the decision of the Authority.
Martin filed a motion before the hearing officer to tax appellate costs. The hearing officer denied the motion. Martin filed a motion for review in the appellate division of the circuit court. The appellate division denied the motion for review, stating that the appellate division had lost jurisdiction once the appellate division's mandate issued.
Martin filed a petition for writ of mandamus in this court. Martin contends that the appellate division had jurisdiction to consider her motion for review. We agree.
Martin was the prevailing party in the appellate division of the circuit court. She is therefore entitled to her appellate costs. See Philip J. Padovano, Florida Appellate Practice § 20.2, at 397 (2007-08 ed.).
Under Florida Rule of Appellate Procedure 9.400(a), a party may serve a motion to tax costs within thirty days after the issuance of the mandate. Thus, by its terms, rule 9.400(a) authorizes proceedings for appellate costs to take place after the mandate has issued. Appellate costs are taxed by the lower tribunal, in this case *1115 the hearing officer. See id. Martin timely served her motion for costs, and the hearing officer denied the motion.
A party may challenge a denial of appellate costs by filing a motion for review in the appellate court within thirty days. Fla. R.App. P. 9.400(c); Philip J. Padovano, Florida Appellate Practice § 20.7, at 410-11. Martin timely filed her motion for review in the appellate division.
Since Martin's motion for review was timely filed under rule 9.400(c), and since rule 9.400(a) authorizes proceedings to determine appellate costs after the appellate mandate has issued, it follows that the circuit court appellate division had jurisdiction to consider Martin's motion for review. It was incorrect to deny the motion for review on the theory that the appellate division had lost jurisdiction once the mandate issued.
"[A] party may file a petition for writ of mandamus to correct an erroneous decision that a lower tribunal is without jurisdiction." Philip J. Padovano, Florida Appellate Practice § 28.2, at 685 (footnote omitted); Pino v. Dist. Ct. of App., Third Dist., 604 So.2d 1232, 1233 (Fla.1992). Martin's petition for writ of mandamus is well taken. The appellate division must reinstate Martin's motion for review, and proceed to consider the motion. We express no view on the merits of the motion. Because we are, confident that the appellate division will reinstate the motion for review, we withhold formal issuance of the writ.
Mandamus granted.